# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2025

Lyle W. Cayce
Clerk

No. 24-60459

David Rodriguez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

_____

Appeal from the Board of Immigration Appeals
Agency No. A200 379 545

_____

Before Southwick, Oldham, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

David Rodriguez, a citizen and national of Mexico with lawful permanent resident status, petitions for review of the Board of Immigration Appeals' final order of removal. He argues that his charge of an attempted injury to a child is not a removable offense. Recent circuit precedent resolves this question against Rodriguez. Therefore, we DENY the petition for review.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60459

## FACTUAL AND PROCEDURAL BACKGROUND

David Rodriguez is a citizen and national of Mexico. He entered the United States in El Paso, Texas with a B2 Visitor Visa in 2005, and adjusted status to a lawful permanent resident in 2010. In 2017, Rodriguez was arrested by the Addison Police Department in Texas for aggravated sexual assault of a child. In 2018, in Dallas County, Rodriguez pled guilty to the lesser charge of attempted injury to a child in violation of Texas Penal Code § 15.01(a) and § 22.04(a)(1). He was sentenced to 350 days of incarceration, which was suspended, and to five years of community supervision.

In 2023 the Department of Homeland Security served Rodriguez with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(E)(i) as an alien who was convicted of a crime of child abuse. Rodriguez admitted to his conviction but moved to terminate the immigration proceedings on the ground that the offense was not a crime of child abuse. The immigration judge found he was removable based on that conviction and denied his motion to terminate and his subsequent motion for reconsideration. The immigration judge also denied his application for cancellation of removal as a matter of discretion and ordered him removed to Mexico.[1] Rodriguez appealed to the Board of Immigration Appeals ("BIA").

Rodriguez argued in his appeal to the BIA that (1) "a crime of child abuse d[id] not encompass attempts because they are not expressly included in the statutory language" and (2) "attempted injury does not require a sufficient likelihood of harm to qualify as a crime of child abuse." The BIA rejected both arguments in a published opinion. *Matter of D. Rodriguez*, 28 I.

---

[1] Rodriguez does not challenge the denial of his application for cancellation of removal.

2

& N. Dec. 815, 821, 823 (BIA 2024). Rodriguez petitioned this court for review.

## DISCUSSION

We review the BIA's determination that the commission of a particular offense renders a person removable *de novo*. *Adeeko v. Garland*, 3 F.4th 741, 745 (5th Cir. 2021). Our review is limited to the decision of the BIA "unless the [immigration judge's] decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

Rodriguez argues the BIA erred in deciding that attempted injury to a child under Texas Penal Code § 15.01(a) and § 22.04(a)(1) is a removable offense because (1) Congress did not include "attempt" offenses in the removability statute, (2) the rule of lenity applies because the statute is ambiguous, and (3) the BIA should have applied the "likelihood" or "reasonable probability" standard to the offense because the offense does not result in actual harm to a child.

A recent published decision resolves the first two issues. *See Sandoval Argueta v. Bondi*, 137 F.4th 265 (5th Cir. 2025). In *Sandoval Argueta*, we agreed with the Fourth Circuit and interpreted "crime of child abuse" in 8 U.S.C. § 1227(a)(2)(E)(i) "to include *attempted* crimes of child abuse." *Id.* at 274. Rodriguez's argument that the rule of lenity should apply goes to his argument that attempt falls outside of the removability statute, and thus is foreclosed.

On the third point, Rodriguez argues *Sandoval Argueta* supports his petition. Specifically, he contends our approving citation to the Fourth Circuit's holding that "an attempt offense qualifies as a crime of child abuse if the underlying offense qualifies as a crime of child abuse and the relevant jurisdiction's definition of attempt requires a likelihood or reasonable probability of harm to a child" means the BIA erred in failing to apply the

No. 24-60459

"likelihood" or "reasonable probability" analysis. *Id.* at 274 (quoting *Cruz v. Garland*, 101 F.4th 361, 366 (4th Cir. 2024)). We disagree.

The statute of conviction in *Sandoval Argueta*, Texas Penal Code § 33.021(c), involved a crime of endangerment. Section 22.04(a) involves injury to a victim. *See* TEX. PENAL CODE § 22.04(a)(1) ("A person commits an offense if he . . . causes to a child . . . serious bodily injury."). We find persuasive an unpublished decision in which this court held a risk of harm analysis was not required because the statute of conviction was not an endangerment statute. *See Villegas-Lopez v. Garland*, No. 22-60377, 2023 WL 6307746, *3 (5th Cir. 2023) (holding that "[b]ecause Section 15.031(b) is not an endangerment statute, a risk of harm analysis is not required.").[2]

The petition for review is DENIED.

---

[2] Even if the BIA erred in not applying the "reasonable probability" or "likelihood of harm" analysis, the error is harmless. Texas's attempt statute requires "an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE § 15.01(a). The offense intended here was causing serious bodily injury to a child. An act that amounts "to more than mere preparation" to cause "serious bodily injury" to a child undoubtedly creates a likelihood of harm to that child.